THE MAME.

(District Court, D. Connecticut. April 13, 1911.)

No. 1,628.

TOWAGE (§ 9*)—COMPENSATION—ACTIONS—PLEADING.

A libel for towage services to a vessel in her home port where the bargain was made with the owner, which states that the services were performed at the special instance and request of the owner, and which does not set forth that they were done on the credit of the vessel, and which does not show that a state statute created a lien, does not set forth facts to support an action in rem.

[Ed. Note.—For other cases, see Towage, Dec. Dig. § 9.*]

In Admiralty. Libel by the New Haven Towing Company against the scow Mame, her tackle, etc. Exceptions sustained, and libel dismissed.

Robert C. Stoddard, for libelant.
James D. Dewell, Jr., for claimant.

PLATT, District Judge. This matter was heard on exceptions. The pith of the criticism is that the action is in rem, but that the libel does not set forth facts sufficient to support such an action.

To particularize, it states that the towage services were performed at the special instance and request of the owner, and does not set forth that they were done on the credit of the vessel. The scow was in the home port.. The bargain was made with her owner, and there is no state statute creating a lien which this court might be asked to enforce, if such a statute were in existence. The proctor for the libelant admits that he used an ancient form of libel which was framed to fit actions in personam, but he wishes the court to treat it as if he had used one suited to actions in rem, which was at his hand in Benedict within a page or two of the one selected.

Without doubt the court has jurisdiction of the cause, but manifestly the libelant mistook his remedy.

Exceptions sustained and libel dismissed, with costs to claimant.